IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-617-WKW |
| | ) | |
| T.R., *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner John C. Richardson ("Richardson") brought this petition for a writ of mandamus, initially naming as respondents his juvenile daughter, T.R., President Obama, Governor Bob Riley of Alabama, the Alabama Department of Human Resources, and the Russell County Commission. The petition arises from an incident in March 2010, in which Mr. Richardson was arrested for disorderly conduct. (Pet. for Writ of Mandamus (Doc. # 1).) Mr. Richardson alleges that during his eight-day confinement, President Obama sent emissaries to Russell County to negotiate a settlement with T.R., on Mr. Richarson's behalf. (Pet.) The settlement, for two billion dollars and two Mercedes-Benz automobiles, was never delivered to Mr. Richardson.[1] (Pet.)

Mr. Richardson filed a Motion to Proceed *in forma pauperis* (Doc. # 2), which, after the case was referred to the Magistrate Judge (Doc. # 3), was granted (Doc. # 4). Conducting

---

[1] Mr. Richardson avers that his daughter "acted as guardian ad lib" and that the settlement "is in the name of the "Holy Ghost Inn." (Pet.) The Petition concludes with, "[w]ell 'Your Honor' there you have it." (Pet.)

a review of complaints by litigants seeking to proceed *in forma pauperis*, 28 U.S.C. § 1915(a)(1), the Magistrate Judge concluded that Mr. Richardson's complaint "provided insufficient information about the basis for the lawsuit." (Magistrate Judge Order (Doc. # 5).) The Magistrate Judge ordered Mr. Richardson to file an amended petition or a notice of his desire to withdraw his petition. Mr. Richardson responded by filing an Appeal of the Magistrate Judge Decision, which was construed as an Objection. (Docs. # 6, 7.) Mr. Richardson subsequently filed an Amended Petition, charging Judge Moorer, the Magistrate Judge assigned to this case, and Judge Watkins, the presiding judge in this case, with treason. (Am. Pet. (Doc. # 9).) Mr. Richardson followed his Amended Petition with a Motion to Recuse, directed at Judge Moorer and Judge Watkins, claiming a "conflict of justice" and jealousy on the part of the judges. (Doc. # 10.)

Mr. Richardson's Motion for Recusal is due to be denied, his Objection to the Magistrate Judge's Recommendation is due to be overruled, and his amended complaint is due to be dismissed.

*A.    Motion for Recusal*

"A judge is not disqualified merely because a litigant sues or threatens suit against him. Judges need not recuse themselves merely because they are named as defendants in a meritless action . . . ." *Coggins v. Scroggins*, No. 3:08-CV-257, 2008 WL 2074434, at \*2 (M.D. Ala. May 14, 2008) (*citing Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (holding that district judge did not abuse discretion in refusing to withdraw from case by *pro se* litigant against another federal judge where *pro se* litigant also had a lawsuit pending

against district judge)); *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986) (district judge did not err in denying criminal defendant's motion for recusal based on lawsuit filed by criminal defendant against the district judge prior to sentencing).

Contrary to Mr. Richardson's belief, he may not employ the tactic of naming presiding judges as defendants to his actions until he happens upon a judge who will give his case a favorable disposition. Although the court declines to recuse itself, Mr. Richardson may rest assured that the only jealousy the court harbors is of its own jurisdiction with respect to this matter.

### B.     *Mr. Richardson's Objection*

In accordance with 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the court has reviewed Mr. Richardson's objection, the Magistrate Judge's Order, and all submissions related to that Order. For the reasons set forth below, the court finds that the Magistrate Judge's August 25, 2010 Order (Doc. # 5) is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Mr. Richardson's sole objection to the Magistrate Judge's Order is that it has "little or no bearings [sic] pertaining to the merits of the petition." (Notice of Appeal.) To the contrary, the Magistrate Judge entered the Order because Mr. Richardson's own petition had little or no bearing pertaining to the merits of his claim.

Simply put, Mr. Richardson's complaint fails to meet the pleading standard, as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As the

3

Magistrate Judge stated, Mr. Richardson's complaint "fails to identify with any specificity what constitutional rights have been violated or how this court has jurisdiction other than a brief reference to the Fourteenth Amendment." (Magistrate Judge Order.) Mr. Richardson has failed to present his story "under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotation omitted). Even if Mr. Richardson did rest his claims upon a solid legal foundation, his factual allegations do not "possess enough heft" to set forth a "plausible entitlement to relief." *Twombly*, 544 U.S. at 545.

### C.  *Mr. Richardson's Amended Petition*

Mr. Richardson's Amended Petition does not remedy the pleading defects of his first Petition. Other than adding new respondents, making references to a "conspiracy to defraud" and "grand theft," and charging the presiding judges with treason, Mr. Richardson adds no new factual allegations or statements of this court's jurisdiction, and simply continues to attack the previous order of the Magistrate Judge.

Exercising the screening authority of 28 U.S.C. § 1915A(a) and (b), the court finds Mr. Richardson's Amended Petition is due to be dismissed as "frivolous" and for "fail[ing] to state a claim upon which relief may be granted." § 1915A(b)(1).

### D.  *Order*

Accordingly, it is ORDERED that Mr. Richardson's Motion to Recuse (Doc. # 10) is DENIED. It is ORDERED that Mr. Richardson's Objection (Docs. # 6, 7) is OVERRULED, and that the Magistrate Judge's Order (Doc. # 5) is ADOPTED. It is further

ORDERED that Mr. Richardson's Amended Petition (Doc. # 9) is DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this 5th day of October, 2010.

                                                  /s/ W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE